Ruth A. BRADFORD, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 2007–3268.

United States Court of Appeals,
Federal Circuit.

April 7, 2008.

Before MAYER, LINN, and DYK,
Circuit Judges.

ON MOTION

DYK, Circuit Judge.

ORDER

The Office of Personnel Management (OPM) moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss for lack of jurisdiction Ruth A. Bradford's petition for review from the Merit Systems Protection Board. Bradford opposes.

The Board issued its final order sustaining OPM's denial of retirement benefits on April 17, 2007, 105 M.S.P.R. 647. The Board transmitted its decision to Bradford via electronic mail on April 17, 2007. Bradford's petition was received by this court on June 19, 2008, 63 days after Bradford was deemed to have received the Board's final order. *See* 5 C.F.R. § 1201.14(*l*) ("Board documents served electronically on registered e-filers are deemed received on the date of electronic submission").

Our review of a Board decision or order is governed by 5 U.S.C. § 7703(b)(1), which provides that "[n]otwithstanding any other provision of law, any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board." This filing period is "statutory, mandatory, [and] jurisdictional." *Monzo v. Dep't of Transportation,* 735 F.2d 1335, 1336 (Fed. Cir.1984); *see also Bowles v. Russell,* 551 U.S. ——, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (the timely filing of a notice of appeal in a civil case is a jurisdictional requirement that cannot be waived).

Bradford contends that her petition was timely because pursuant to Rule 26(c) of the Federal Rules of Appellate Procedure she was entitled three additional calendar days after "service" of the Board's order to file her petition. However, this provision does not apply to petitions for review of Board decisions or orders. As noted above, a petition for review is due within 60 days after the petitioner "received notice," not within 60 days of "service." Because Bradford's petition was not received within 60 days of the date she received notice of the Board's decision, and because Rule 26(c) is inapplicable to her petition, we must dismiss Bradford's petition as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) The motions are granted. The petition is dismissed.

(2) All sides shall bear their own costs.